**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 4:20-cr-00056-RSB-CLR |
| | * | |
| **MARK LEON HARRISON** | * | |

**MOTION FOR MODIFICATION
OF TERMS OF RELEASE
(REMOVAL OF ELECTRONIC MONITORING**

COMES NOW Defendant Mark Leon Harrison ("Mr. Harrison"), by and through undersigned counsel, and pursuant to 18 U.S.C. § §3141 and §3142(c), does hereby move for modification of the terms of his conditions of release to allow removal of the condition of electronic monitoring and/or supervision and to allow additional travel and activities while on release. As grounds in support of this Motion, Counsel states as follows:

1. Since making his appearance in the Northern District of Florida on the charges in this action, Mr. Harrison has been on pretrial release with conditions of release imposed, first by the Northern District of Florida on August 31, 2020, where Defendant resides, and which were adopted by U.S. Pre-Trial Services in this District on September 29, 2020 (Doc. 174)

2.  While on Pre-Trial release, there have been no issues with regards to his conduct or supervision. Further, Mr. Harrison has made every court appearance required of him, every appointment or contact required of him by U.S. Pretrial and in all respects, abided by all instructions and directions given and directed to him by U.S. PreTrial Services.

3. Additionally, Mr. Harrison requires leave from the electronic monitoring to pursue his business pursuits, hemp farming/sales and sales of shark fins (a legal business and entirely

1

different from the illegal activity/practice of "shark finning"), both of which are lawful enterprises which he is fully permitted and licensed, both federally and by the State of Florida to operate and has been so licensed for years.

5. In order to engage in these two (2) lawful businesses, Mr. Harrison needs the ability to work outside his home for no more than 20 hours a week, none of which will require travel outside of the Northern District of Florida.

6. None of his business pursuits will involve any of the Co-Defendants nor any known witnesses in this action.

7. Mr. Harrison will advise all of his customers and prospective customers of the indictment, the pendency of this action and the charges against him.

8. Further, as additional conditions of his release, it is requested that the Court modify the conditions to allow the following travel and activities of Mr. Harrison

(a) Mr. Harrison be permitted travel to and from the Southern District of Alabama where his lead legal counsel maintains its office, including allowing his stay(s) overnight if required;

(b) Mr. Harrison will be permitted to attend religious services and Bible studies and engage in all religious activities as scheduled by and through his church in Panama City, Florida;

(c) Mr. Harrison will be permitted to visit his mother in the nursing home in the Northern District of Florida.

9. Counsel has consulted with Mr. Michael Dwyer, his U.S. Pre-Trial Services Officer in the Northern District of Florida, about the request of removal of the electronic monitoring

condition and he voices **no opposition or objection** to this relief requested herein.

10.     Arbitrarily, inconsistently and in opposition to the recommendation of the U.S. Pre-Trial Officer, the Government, through AUSA, Tania Groover, **_does oppose and object_**[1] to the termination of electronic monitoring for Mr. Harrison although the Government did not object to such termination of condition with regards to Defendant Terry Xing Zhao Wu, the first individual listed in the indictment and who apparently is the alleged leader of a "transnational criminal organization" ( ¶ 9, Doc. 244). [2]

11.     Despite allegations in the indictment suggesting otherwise, Mr. Harrison has resided throughout his life in the Northern District of Florida; with longstanding roots, familial connections, and obligations in that District.

12.     Contrary to assertions otherwise, Mr. Harrison has neither the financial means nor ability to travel outside his District, much less the Country; has no familial connections outside of the Northern District of Florida and none in Hong Kong, Mexico, or Canada; nor in California or Michigan. Any connections he has with these and other states and countries relate solely to his legal and appropriately permitted business enterprises, including the legal sales of hemp and shark fins.

13.     The Government seized passports of Mr. Harrison; passports that were **expired** (which was not disclosed). Regardless, Mr. Harrison has no valid passport, U.S. or otherwise, to

---

[1] Ms. Groover did say she may withdraw an objection if Mr. Harrison had sufficient cash or real property to put up as security but did not commit to that position as of the date of this filing. Additionally, it is doubtful Mr. Harrison has such assets or cash available in the amount that the Government would be willing to consider as surety.

[2] According to the indictment, Terry Wu, along with Co-Defendants Natalie Ye Man Chan Wu, (Terry Wu's spouse), and Anthony Wu appear to be the namesakes of the alleged "transnational criminal organization" which the Government has donned "the Wu TCO" in its indictment. (¶ 1, Doc. 3).

travel outside of the U.S. and has no intentions nor does he have the financial ability to do so.

14. Any continued assertions by the Government that Mr. Harrison is a flight risk should be categorically rejected by this Court as was rejected by the Court in the Northern District of Florida at the detention hearing. (Exhibit "A": Court Findings, Detention Hearing Official Transcript, pp. 1-2; 85-92)

WHEREFORE, premises considered, undersigned counsel respectfully requests this Honorable Court to allow a modification of his conditions of release terminating the condition of electronic monitoring, and a modification regarding those requested herein, with all other conditions of his release to remain unchanged.

Respectfully submitted,

**/s/ CHRIST N. COUMANIS**
CHRIST N. COUMANIS (COUMC1593)
Admitted, *Pro Hac Vice*
coumanis@c-ylaw.com
Attorney for Defendant, Mark Leon Harrison

OF COUNSEL:

COUMANIS & YORK, P.C.
Post Office Box 2627
Daphne, Alabama
Phone: 251.990.3083 – Daphne
Phone: 251.431.7272 - Mobile
Fax:    251.928.8665

Mobile:
Post Office Box 1646
Mobile, Alabama 36633

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on January 4, 2021 electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system and request the Court to serve the same

4

electronically on the U.S. Attorneys and all counsel and parties of record in this matter.

                              **\S\ CHRIST N. COUMANIS**
                              CHRIST N. COUMANIS (COUMC1593)
                              Admitted, *Pro Hac Vice*