**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CASE NO. 4:20-cr-00056-RSB-CLR** |
| | * | |
| | * | |
| **PHOENIX FISHERIES, LLC** | * | |
| **MARK LEON HARRISON** | * | |
| | * | |

**DEFENDANTS PHOENIX FISHERIES, LLC
& MARK LEON HARRISON's
OBJECTIONS
AND
MOTION IN LIMINE RESPONSE TO
UNITED STATES' 404(b), 609  NOTICE**

Comes now Defendants Phoenix Fisheries, LLC and Mark Leon Harrison (collectively herein referred to as "Harrison Defendants") by and through undersigned counsel and do object and submit these objections to the United States' 404(b), 609 Notice and further move this Honorable Court to enter an order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments offered by the United States ("the Government") or its counsel in the presence of the jury, whether in opening statement, during presentation of the evidence, questioning, or closing argument, concerning the subject matter set forth in the Government's Notice (Doc. 435).

It now appearing that the Government has exhausted its efforts of proffering any further "other acts" evidence in this case, the Harrison Defendants file  these objections and this *motion in limine* to exclude the nearly thirteen (13) year old misdemeanor convictions (a three (3) count information) of Defendant Mark Harrison that was obtained by the Government through plea negotiations and plea of guilt in the Northern District of Georgia on or about August 19, 2009.

1

Through this 404(b) evidence, it is transparent that the Government seeks to offer misdemeanor convictions for the illegal "transport and selling fish" (Counts 1 and 2 of the Information – Lacey Act misdemeanors) and the interstate transport of "adulterated and contaminated food that had been prepared, packed, and held under insanitary conditions, whereby it became contaminated with filth." ( Count 3 of the Information – a misdemeanor violation of Title 21, United States Code, Sections 331 (a) , 333 (a) (1) , and 342 (a)) to prove the Harrison Defendants bad character as these defendants are not charged in this action with any criminal offense even remotely connected to the federal misdemeanors to which Mark Harrison pled guilty to some thirteen (13) years ago.  Instead, Harrison Defendants have been charged with wire fraud, mail fraud and money laundering offenses in this action and the Government in no manner have charged them with any offenses associated with the Lacey Act or illegal packing and transporting adulterated, contaminated or insanitary food preparation, storage and/or transportation. Accordingly, any probative value of the use of this prior conviction against Harrison Defendants is substantially outweighed by the undue prejudice it will cause him if admitted into evidence, even with a limiting instruction from the Court.

## ARGUMENT AND SUPPORTING AUTHORITIES

Whether and under what circumstances "other acts" evidence is admissible at trial pursuant to Rule 404(b), Fed.R.Evid., is well-settled law in the Eleventh Circuit. "Under the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts is inadmissible character evidence that may not be used to prove a person's propensity to act." *United States v. Williams,* 527 F.3d 1235, 1247 (11th Cir. 2008). But such evidence may be admissible, with appropriate limiting instructions, for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* (citing Rule

404(b), Fed.R.Evid.).

In this Circuit, the admissibility of "other acts" evidence under Rule 404(b) is governed by the following three-part test: "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." *United States v. Lamons,* 532 F.3d 1251, 1265-66 (11th Cir. 2008) (citation omitted); *see also Ellisor,* 522 F.3d at 1267 (same) and *United States v. Garza,* 2008 U.S. Dist. LEXIS 86315 (S.D. Ala. Oct. 23, 2008) As for the second element, in weighing the probative value of proffered Rule 404(b) evidence against its undue prejudice, the Eleventh Circuit has considered such factors as "the incremental significance to the Government's case, the overall similarity of the extrinsic and charged offenses, and the temporal distance between the two." *Lamons,* 532 F.3d at 1266; *see also Ellisor,* 522 F.3d at 1268. Each of the "other drug arrests", which are not shown to be "in furtherance of a drug conspiracy", fail one or more of the balancing-test factors enunciated in *Lamons, Ellisor* and *Gaza, supra*, thereby precluding admission of the proffered "other acts" evidence in this case as set out fully herein.

## **CONCLUSION**

WHEREFORE, premises considered, Harrison Defendants respectfully requests that the Court enter an order *in limine* precluding any evidence or testimony, comments, arguments, statements, or questions by counsel or by any witness or parties directly, indirectly, or by inference on the above matter. He further asks the Court to instruct the Government's attorneys to inform its witnesses not to mention the above matters or refer to this motion in the presence of the jury.

It is further requested that the Court allow Harrison Defendants to lodge a continuing objection to any matter allowed into evidence, addressed in this motion in limine and for such

other, further and different relief as this Court deems just and appropriate.

                Q                Respectfully submitted,

**/s/ DAVID P. YORK**
DAVID P. YORK (YORKD2887)
Admitted, *Pro Hac Vice*
coumanis@c-ylaw.com
Attorney for Defendants, Phoenix Fisheries, LLC. & Mark Leon Harrison

**/s/ CHRIST N. COUMANIS**
CHRIST N. COUMANIS (COUMC1593)
Admitted, *Pro Hac Vice*
coumanis@c-ylaw.com
Attorney for Defendants, Phoenix Fisheries, LLC. & Mark Leon Harrison

OF COUNSEL:

COUMANIS & YORK, P.C.
Post Office Box 2627
Daphne, Alabama
Phone: 251.990.3083 – Daphne
Phone: 251.431.7272 - Mobile
Fax:    251.928.8665

*/s/ Harry D. Dixon, Jr.*
Georgia Bar No. 223375
24 Drayton Street, Suite 1000
Savannah, GA 31401
T: 912-443-4070
F: 912-644-6702
ddixon@donniedixonlaw.com
Attorney for Defendants, Phoenix Fisheries, LLC. & Mark Leon Harrison