UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CASE NO: 4:20-CR-56 |
| ) | |
| PHOENIX FISHERIES, LLC    ) | |

## PLEA AGREEMENT

Defendant Phoenix Fisheries, LLC, represented by its counsel David P. York, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One and Count Three of the Indictment, which charges a violation of 18 U.S.C. §§ 1349 and 1956(h).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One, which alleges a violation of 18 U.S.C. § 1349, are (1) two or more people agreed to try to accomplish a common and unlawful plan to commit mail and wire fraud as charged in the Indictment; and (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

The elements necessary to prove the offense charged in Count Three, which alleges a violation of 18 U.S.C. § 1956(h), are (1) two or more people agreed to try to

accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956; and (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

Defendant agrees that it is, in fact, guilty of these offenses. It agrees to the accuracy of the following facts, which satisfy the offense's required elements:

Defendant was a company that operated in Florida and dealt in shark fins. In Florida certain shark fin dealings was lawful. Serendipity Business Solutions, LLC, was a business operating in California, a state that prohibits the selling, possessing, trade, or distribution of shark fins in or from California. Serendipity Business Solutions, LLC, hid its shark fin business by operating through Defendant in Florida. Members of the conspiracy would, among other things, create fake invoices and paperwork to make it appear that Defendant was invoicing and financing the shark fin business, when Serendipity Business Solutions, LLC was actually financing and controlling the shark fin business.

## Count 1

Beginning at a time unknown to the Grand Jury, but at least from in or about 2013 and continuing through July 8, 2020, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant, aided and abetted by others, did knowingly and willfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown, to commit certain offenses, to wit: Wire Fraud, that is, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and

2

Defendant's initials _MQ_

promises, by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, text messages, phone calls, email messages, and financial transactions, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343; and, Mail Fraud, that is, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by utilizing the United States mail and private and commercial interstate carriers, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

Defendant does not dispute the object of the conspiracy or the manner and means of the conspiracy outlined in Count One of the Indictment and specifically agrees that:

- Defendant was a business created in Florida because possessing, selling, and shipping certain shark fins was lawful in Florida and its manager had contacts with shark fin dealers.

- Serendipity Business Solutions, LLC was an unlawful shark fin business operating in California that directed the trade and distribution of shark fins to Hong Kong in violation of California and federal law.

- Members of the conspiracy and others would hide the unlawful shark fin business conducted by Serendipity Business Solutions, LLC, by purporting to use Defendant in Florida.

- Members of the conspiracy and others would create fake invoices and paperwork to make it appear that Defendant in Florida was invoicing and financing the shark fin business, when Serendipity Business Solutions, LLC in California was actually financing and controlling the shark fin business.

- On or about June 4, 2013, Natalie Ye Man Chan Wu registered Defendant Serendipity Business Solutions, LLC as a limited liability company in California.

3

Defendant's initials

- On or about June 24, 2013, Mark Leon Harrison registered Defendant Phoenix Fisheries, LLC as a limited liability company in Florida.

- Between March 5, 2014 and continuing through at least January 17, 2017, Natalie Wu, Terry Wu, and Defendant communicated by emails concerning false or misleading invoices and payments for shark fins by Defendant.

- Between March 5, 2014 and continuing through at least January 17, 2017, Natalie Wu, Terry Wu, and Defendant communicated by emails that Natalie Wu, Terry Wu, and Serendipity Business Solutions, LLC were in fact paying for all the shark fins purportedly purchased and invoiced by Defendant.

- On September 11, 2016, Defendant exported 2,948 kilograms of dried shark fins through the port of Savannah to co-conspirators in Hong Kong. The declared value of the shipment was $159,965.

- On April 9, 2017, Defendant exported 2,722 kilograms of dried shark fins through the port of Savannah to co-conspirators in Hong Kong. The declared value of the shipment was $63,600.

- On December 17, 2019, Defendant communicated with an undercover United States Fish and Wildlife Service (USFWS) agent on the phone concerning selling shark fins and shipping shark fins to Hong Kong.

- Between January 2, 2020 and January 10, 2020, Defendant communicated with an undercover USFWS agent through text messages concerning shark fins and agreed to meet in Savannah, Georgia.

### Count 3

Beginning sometime in 2014 and continuing through on or about July 8, 2020, the precises dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant, aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with at least one other person to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is,

4

Defendant's initials

conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349, and which funds Defendant knew to be the proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

In furtherance of the conspiracy, conspirators committed and caused to be committed in the Southern District of Georgia and elsewhere, financial transactions affecting interstate commerce, using funds which were, and which Defendant knew to be, proceeds of the unlawful conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349, including, but limited to, all the financial transactions associated with the shark fin shipments outlined in Count One above.

All in violation of Title 18, United States Code, Section 1956(h).

3.   Possible Sentence

For Count One, Defendant's guilty plea will subject it to the following maximum possible sentence: probation for a term of not less than one nor more than five years, not more than a $500,000 fine; and a $400 special assessment.

For Count Three, Defendant's guilty plea will subject it to the following maximum possible sentence: probation for a term of not less than one nor more than five years, not more than a $500,000 fine or twice the value of the property involved, whichever is greater, and a $400 special assessment

5

Defendant's initials _MK_

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw its plea of guilty if it receives a more severe sentence than it expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. If Defendant cooperates, any incriminating

6

Defendant's initials _(initialed)_

information provided by the Defendant during its cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

b. <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of its intention to enter a guilty plea.

c. <u>Government Recommendation</u>

The government will recommend Defendant be placed on probation for one year. The government will further recommend that as a condition of probation, Defendant shall not engage, directly or indirectly, in activities related in any way to sharks or parts or products thereof, in any capacity, including, but not limited to, employment, trade, buying or selling, shipping, transporting, acquiring, possessing, research, or volunteer activities.

7. <u>Forfeiture</u>

a. Defendant agrees to forfeit its interest in any property involved in the offense, or any property traceable to such property, as a result of the offense to which he has agreed to plead guilty, specifically (1) $33,493.61 seized from Trustmark bank account 7204526812 (collectively, the "Subject Property").

Defendant's initials _MH_

b.  Defendant states that it is the sole and rightful owner of the Subject Property, that, to the best of its knowledge, no other person or entity has any interest in the Subject Property, and that it has not transferred, conveyed, or encumbered its interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c.  Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.  Defendant waives and abandons its interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

Defendant's initials _MJ_

8. <u>Financial Obligations and Agreements</u>

   a. <u>Special Assessment</u>

   Defendant agrees to pay a special assessment in the amount of $800, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

9. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives its right to a direct appeal of its conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of its sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs its attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

   Defendant entirely waives its right to collaterally attack its conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack its conviction and sentence based on a claim of ineffective assistance of counsel.

9

Defendant's initials _MA_

c.  <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.  <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or its plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.  <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which it will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

Defendant's initials _[initials]_

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that its attorney has represented it faithfully, skillfully, and diligently, and it is completely satisfied with the legal advice given and the work performed by its attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw its guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on the Following Page*

11

Defendant's initials ___

DAVID H. ESTES
UNITED STATES ATTORNEY

_____  
Date

_____  
Patricia Rhodes  
Chief, Criminal Division

10/21/22  
Date

*/s/ Tania D. Groover*  
Tania D. Groover  
Georgia Bar Number 127947  
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/2/22  
Date

Phoenix Fisheries, LLC  
By: _____  
Title: OWNER

I have fully explained to Defendant all of its rights, and I have carefully reviewed each and every part of this agreement with it. I believe that Defendant fully and completely understands it, and that its decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/3/22  
Date

David P. York  
Defendant's Attorney

12

Defendant's initials _____